NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MIRTHA MARIA TAMPI-ARCOS; CARLOS ALFREDO HUAYTALLA-TAMPI; A. N. H. T., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5565 <br><br> Agency Nos. <br> A249-034-976 <br> A245-542-054 <br> A249-034-977 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2026[**]
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Mirtha Maria Tampi-Arcos, Carlos Alfredo Huaytalla-Tampi, and Mirtha's

minor daughter (collectively, Petitioners) petition for review of the Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' (BIA) decision affirming the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

When "the BIA conducts its own review of the evidence and law," instead of adopting the decision of the Immigration Judge (IJ), "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). "We review factual findings for substantial evidence and legal questions de novo." *Id.*

1. Substantial evidence supports the agency's decision to deny Petitioners' applications for asylum and withholding of removal. Petitioners had the burden to establish "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). A "well-founded fear of [future] persecution" can be established "by proving past persecution, or by demonstrating that [the applicant] has a

---

[1] The lead respondent is adult female Mirtha Maria Tampi-Arcos (A249-034-976). Her minor daughter, A. N. H. T. (A249-034-977), is a derivative beneficiary on her mother's application. Ms. Tampi-Arcos's adult son, Carlos Alfredo Huaytalla-Tampi (A245-542-054), "filed a separate application for relief and protection based upon the same factual predicate." references to Petitioner in the singular are to the lead respondent.

subjectively genuine and objectively reasonable fear of future persecution." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (cleaned up).

The BIA properly dismissed Petitioners' appeal, because Petitioners failed to establish that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Id.* (citation omitted). Ms. Tampi-Arcos reported the threatening incident to Peruvian police and received a "guarantee of life," which Ms. Tampi-Arcos described as "like a protection order." Ms. Tampi-Arcos did not report the names or addresses of the threatening individuals, nor was she able to provide the license plate numbers on the motorcycle. The police told Tampi-Arcos the report had been filed but did not immediately begin an investigation. Only six days later, Ms. Tampi-Arcos fled Peru with two of her children.

This police response does not demonstrate an unwillingness or inability to control the threatening actors, because Ms. Tampi-Arcos failed to provide sufficient information identifying the perpetrators. *See Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013) (recognizing that unwillingness is not established "where the asylum applicant failed to provide the police with sufficiently specific information to permit an investigation or an arrest").

Evidence of country conditions does not disturb the agency's determination,

because the U.S. Department of State Human Rights Report on Peru for 2023 notes that the Peruvian government has taken "steps to identify and punish officials who may have committed human rights abuses" and describes investigations into other instances of politically motivated violence. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (holding there was an insufficient showing that the government was unable or unwilling to control persecutory forces where the "State Department reports show that [the government] is working to curb violence").

2. Substantial evidence also supports the agency's determination that Petitioners are not eligible for CAT relief. Petitioners had the burden to demonstrate "that it is more likely than not that" they "would be tortured if removed to the proposed country of removal." *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (internal quotation marks omitted) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023)).

The agency correctly determined that Petitioners failed to show it is more likely than not that they would be tortured if returned to Peru. Evidence of "past torture is ordinarily the principal factor" for determining whether the Petitioners are more likely than not to experience future torture. *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (cleaned up). The alleged past persecution does not, on its own, rise to the level of torture. *See* 8 C.F.R. § 1208.18(a)(2) (stating that "lesser forms of cruel, inhuman or degrading treatment . . . do not amount to torture"); *see also*

*Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007).

The agency also correctly determined that there was no likelihood of future torture, because two of Ms. Tampi-Arcos's children remain in Peru unharmed, *see Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[A] petitioner's fear of future persecution 'is weakened . . . when . . . family members' living in the petitioner's home country are not harmed"), and the country reports regarding instances of political violence in Peru "do not indicate any particularized risk of torture" to Petitioners, *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

Additionally, Petitioners did not demonstrate that the Peruvian government consented or acquiesced to the alleged torture. In response to Ms. Tampi-Arcos's police report, the Peruvian government issued a protection order and was unable to investigate due to the lack of identifying information provided. This evidence does not demonstrate that the Peruvian government was unable or unwilling to protect against persecution, much less that it consents or acquiesces to torture. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021). The BIA properly determined that Petitioners did not establish their eligibility for CAT relief.

**PETITION DENIED.**[2]

---

[2] The motion for stay of removal (Dkt. No. 2) is denied.